## Contract—Effect of Abrogation.

WARNER v. STODDART, U. S. Sup. Ct. Oct. Term, 1882. Error to the circuit court of the United States for the northern district of Illinois. A contract was entered into between a book publisher and a book agent, wherein the agent agreed to canvass for the sale of a certain reprinted work, and the publishers agreed to furnish the work to the agent for the subscribers on certain terms—the remittances to be made, one-half on the seventh and one-half on the twenty-sixth day of the month, in settlement for the previous month's sales. After procuring a number of subscriptions the agent entered into a contract with a rival publishing house to canvass for and sell their edition of a report of the same work, and ceased to canvass for the work under the first contract, but ordered books to be supplied by them under the terms of the contract, which they refused, demanding cash on delivery for the books thereafter supplied to him, and brought suit against him for the value of the books already supplied. The agent, as defendant in that suit, as a set-off, made a claim for damages for loss in not being supplied with the books under the terms of the contract, and from substituting the works of the rival firm in consequence. The case was determined in the supreme court of the United States on April 24, 1882. Mr. Justice *Woods* delivered the opinion of the court, affirming the judgment of the circuit court denying the claim for damages.

Plaintiff in error had no right, upon a refusal of defendant in error to furnish the books on 30 days' credit, to obtain a cancellation of the orders he had taken and substitute therefor orders for the rival edition, and charge the expense of the substitution to defendant in error. The clauses of such a contract are reciprocal, and the performance of one was the consideration for the performance of the other; and when he ceased to canvass for the books he had no right to demand them at the prices or the terms mentioned in the contract. Where a party is entitled to the benefit of a contract, and can save himself from a loss arising from a breach of it at a trifling expense or with reasonable exertions, it is his duty to do so, and he can charge the delinquent with such damages only as with reasonable endeavors and expense he could not prevent. If the defendant in error violated his contract by refusing to

fill orders except for cash, the measure of damages would· be the interest for 30 days on the amount of cash paid on his orders; and where no cash had ever been paid, he would be in any view entitled only to nominal damages. Defendant in error was not bound by the contract after plaintiff in error had refused to go on under his contract.

Van H. Higgins and Isaac N. Arnold, for plaintiff in error.

Josiah R. Sypher, for defendant in error.

The cases cited in the opinion were: Wecker v. Hoppack, 6 Wall. 94; Miller v. Mariners' Church, 7 Greenl. 56; Russell v. Butterfield. 21 Wend. 304; Ketchell v. Burns, 24 Wend. 457; U. S. v. Burnham, 1 Mason, 57; Taylor v. Read, 4 Paige, 571.